IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RON DANDAR, | ) | |
|     Petitioner, | ) | Civil Action No. 14-268 Erie |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| COMMONWEALTH, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

The petitioner, Ron Dandar, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 8]. The amended petition has not been served because the Court may dismiss it if it plainly appears on its face that Dandar is not entitled to relief in habeas. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts. That is the case here because the amended petition is successive and Dandar has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the amended petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Background**

Dandar is well known to this Court. This case is just the latest in a long line of habeas cases (more than ten) that he has filed here in which he challenges the judgments of sentences imposed upon him by the Court of Common Pleas of Erie County on August 31, 1983, at Criminal Docket Nos. 1982-1462 through 1467, and on February 6, 2004, in a probation revocation proceeding.

1

On or around July 23, 2002, Dandar filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the August 31, 1983, judgment of sentence. That petition was docketed as <u>Dandar v. Commonwealth</u>, et al., 1:02-cv-222 (W.D. Pa.) and assigned to the Honorable Sean J. McLaughlin, who referred the case to me. I subsequently issued a Report and Recommendation ("R&R") advising that the petition be dismissed as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that a certificate of appealability be denied. Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Third Circuit Court of Appeals denied Dandar's subsequent request for a certificate of appealability. <u>See</u> Oct. 27, 2005, *Order* in <u>Dandar v. Commonwealth, et al.</u>, Court of Appeals Docket No. 05-3731 (3d Cir.).

On or around December 27, 2005, Dandar initiated in this Court a habeas corpus action in which he challenged his February 6, 2004, probation revocation judgment of sentence. That action was docketed as <u>Dandar v. Good, et al.</u>, 3:05-cv-00472 (W.D. Pa.) and assigned to Judge McLaughlin, who referred the case to me. I issued an R&R in which I recommended that the petition be denied as untimely and procedurally barred, and that a certificate of appealability be denied. Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Third Circuit Court of Appeals denied Dandar's subsequent request for a certificate of appealability. <u>See</u> Oct. 22, 2007, *Order* in <u>Dandar v. Good, et al.</u>, Court of Appeals Docket No. 07-2916 (3d Cir.).

AEDPA mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). <u>See</u>, e.g., <u>Magwood v. Patterson</u>, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge

panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

In the years following the dismissal of his second habeas action, Dandar has filed a series of federal habeas petitions here in which he once again challenged his August 31, 1983, judgment of sentence and/or his February 6, 2004, probation revocation sentence. See Dandar v. Good, et al., 1:06-cv-00046 (W.D. Pa.); Dandar v. Commonwealth, et al., 1:06-cv-00302 (W.D. Pa.); Dandar v. Krysevig, et al., 1:08-cv-60 (W.D. Pa.); Dandar v. Cameron, et al., No. 1:11-00042 (W.D. Pa.); Dandar v. Cameron, et al., No. 1:11-112 (W.D. Pa.); Dandar v. Cameron, et al., No. 1:12-151 (W.D. Pa.); Dandar v. Cameron, et al., No. 1:12-152 (W.D. Pa.); Dandar v. Cameron, et al., No. 1:13-cv-189 (W.D. Pa.). This Court dismissed each of those cases as unauthorized second or successive petitions and in each case the Third Circuit Court of Appeals denied a request for a certificate of appealability.

Because in the instant habeas petition Dandar is once again challenging his August 31, 1983, judgment of sentence and his February 6, 2004, probation revocation sentence, it too is subject to the authorization requirements set out at 28 U.S.C. § 2244(b). Dandar has not received from the Third Circuit Court of Appeals permission to file a successive petition. Therefore, the amended petition must be summarily dismissed for lack of jurisdiction. Burton, 549 U.S. at 152-54.

### B. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It

provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition should be summarily dismissed. Accordingly, a certificate of appealability should be denied.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the amended petition for a writ of habeas corpus [ECF No. 8] be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Dandar is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  March  25, 2015            /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:      Barbara Rothstein
         U.S. District Court Judge

Notice by first class mail to:

    Ron Dandar
    KQ-7780
    SCI Fayette
    PO Box 9999
    50 Overbrook Dr.
    LaBelle, PA 15450-0999