UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
AT ERIE

| | | |
|---|---|---|
| RON DANDAR | ) | |
| | ) | |
| *Petitioner*, | ) | CASE NO. 14-cv-00268-BR-SPB |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| COMMONWEALTH | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is [8] the Petition for Writ of Habeas Corpus, [18] Report and Recommendation of the Honorable Susan Paradise Baxter, and [22] Petitioner's Objections. For the reasons stated below, the Court adopts the Report and Recommendation.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states that a prisoner cannot file a "second or successive [habeas corpus] application" under 28 U.S.C. § 2254 without first receiving authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3). The Supreme Court interpreted a "second or successive" habeas corpus application to mean a subsequent application challenging the same state-court judgment. *Magwood v. Patterson*, 561 U.S. 320, 331 (2010).

As elaborated in Magistrate Judge Baxter's Report and Recommendation, Petitioner's most recent habeas petition is a second or successive petition, triggering the 28 U.S.C. § 2244(b)(3) requirements, because it challenges two judgments he has previously petitioned: his August 31, 1983 judgment of sentence and his February 6, 2004 probation revocation sentence. By way of background, Petitioner filed a habeas petition on or around July 13, 2002 challenging

his August 31, 1983 judgment of sentence and a petition on or around December 27, 2005 challenging his February 6, 2004 probation revocation judgment of sentence. Both of these habeas petitions were dismissed as untimely.[1]  Because Petitioner did not seek authorization from the Court of Appeals, the Court lacks jurisdiction over the habeas petition.  *Burton v. Stewart*, 549 U.S. 147, 149 (2007).

Petitioner has filed a one-paragraph brief asserting his objections to the Report and Recommendation, in which he notes two cases, *Parham v. Klem*, 496 F. App'x 181, 182 (3rd 2012) and *Rivas v. Fischer*, 687 F.3d 514, 517-18 (2nd Cir. 2012).  Although Petitioner does not provide argument as to those cases, the Court discusses them below and explains why they do not impact Petitioner's case.

In *Parham*, the petitioner had moved under Federal Rule 60(b) to set aside an order dismissing his previous habeas petition as untimely. The court held the petitioner's Rule 60(b) motion should not be construed as a successive habeas petition under AEDPA when a petitioner is seeking relief from a procedural order.  *Id.* at 184.  However, unlike the petitioner in *Parham*, the Petitioner here has filed a new habeas petition for relief and not a Rule 60(b) motion. Moreover, the Court cannot extend *Parham*'s holding to Petitioner's habeas petition: The Third Circuit has explained that the decision to dismiss a habeas petition as untimely constitutes a "ruling on the merits for purposes of 28 U.S.C. § 2244(b)," which consequently triggers the requirement that a petitioner must seek Circuit approval before filing a second of successive petition.  *Rohn v. Horton*, 508 F. App'x 170, 171 (3d 2013).

---

[1] AEDPA generally requires that a petition for habeas corpus made pursuant to 28 U.S.C. § 2254 be filed within one year of the date that petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A) (1996). Thus, Petitioner's previous habeas petitions were dismissed as untimely since his first petition challenging his August 31, 1983 judgment was filed almost nine years later and his initial petition challenging his February 6, 2004 judgment was also filed past the one-year statutory deadline.

Next, Petitioner cites *Rivas v. Fischer*, and claims to "invoke[] his actual innocence doctrine." Dkt. # 22. In *Rivas*, the Second Circuit held that a court may consider an otherwise barred untimely habeas petition if the Petitioner presents both a credible and compelling claim of actual innocence and a legitimate claim that his conviction was likely the result of nonharmless constitutional error. 687 F.3d at 540. The Third Circuit has not considered whether an "actual innocence" exception exists to equitably toll the timeliness requirements for habeas petitions. *Munchinski v. Wilson*, 694 F.3d 308, 328 (3rd 2012). But, in any event, the issue here is not whether Petitioner's untimeliness should be excused, but rather whether there is some equitable exception to the AEDPA's requirement that he must seek Circuit authorization before filing a successive petition. Petitioner has not provided any authority that would support an exception to this authorization requirement. Moreover, while the AEDPA's timeliness requirements codified in 28 U.S.C. § 2244(d) are not jurisdictional and therefore subject to equitable considerations, the requirement to seek authorization before successive filing is jurisdictional and would arguably not have the same equitable exceptions apply.[2] *Compare Holland v. Florida*, 130 S.Ct. 2549 (2010) (concluding that the AEDPA's limitation period is subject to equitable tolling in appropriate cases, in part, because § 2244(d) "is not jurisdictional" and therefore "does not set forth an inflexible rule requirement dismissal whether its clock has run") *with Burton v. Stewart*, 549 U.S. 147, 157 (2007) (stating that a district court is without jurisdiction to entertain a second or successive petition where the petitioner did not receive authorization from the Court of Appeals).

---

[2] It is worth noting that Petitioner is not left without a remedy. If, indeed, Petitioner has a credible and compelling claim of actual innocence (and from the Court's initial reading of his petition, the Court is persuaded that he does not), Petitioner could, of course, make those arguments in his motion to the Circuit.

Accordingly, the Court, having reviewed the Petition, the Report and Recommendation of the Honorable Susan Paradise Baxter, United States Magistrate Judge, Petitioner's Objections, and the balance of the record, does hereby order that:

(1) The Court ADOPTS the Report and Recommendation and finds that the Court lacks jurisdiction over Petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and effective Death Penalty Act of 1996 ("AEDPA").

(2) No Certificate of Appealability will be granted.

(3) The Clerk of Court shall CLOSE this case; and

(4) The Clerk shall send copies of this Order the parties, and to Magistrate Judge Baxter.

**IT IS SO ORDERED.**

DATED this 29th day of July, 2015.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE